IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

_____

LEON HAWKINS,

    Plaintiff,

v.                                                                                                                                                                                                                 No. 1:23-cv-1269-JDB-jay

RON CARPENTER, JR., et al.

    Defendants.

_____

LEON HAWKINS,

    Plaintiff,

v.                                                                                                                                                                                                                 No. 1:24-cv-1018-JDB-jay

RON CARPENTER, JR., et al.

    Defendants.

_____

REPORT AND RECOMMENDATION
_____

       On December 13, 2023, Plaintiff Leon Hawkins, proceeding pro se, filed a lawsuit against Defendants Ron Carpenter, Jr., Lylod Curry Brasfield, and Cornelius Hawkins ("Hawkins I"). (Case No. 1:23-cv-1269, ECF No. 1.) On January 18, 2024, Plaintiff filed another lawsuit against Defendants Carpenter and Brasfield, as well as the PPL Plastic Bottle Co., Dresden Police Department, Martin Police Department, MTD Plant, Black and Decker, and Manpower ("Hawkins II"). (Case No. 1:24-cv-1018, ECF No. 1.) [1] Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is

---

[1] Plaintiff filed this action in the United States District Court for the Western District of Michigan. (Hawkins II, ECF No. 1.) The Western District of Michigan transferred the case to this Court on January 19, 2024. (Hawkins II, ECF No. 4.)

required to conduct a screening of both Complaints because Plaintiff sought and received in forma pauperis status in both cases. (Hawkins I, ECF No. 4; Hawkins II, ECF No. 10.) These cases have been referred to the United States Magistrate Judge for management of all pretrial matters and for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

## PROPOSED FINDINGS OF FACT

*Hawkins I*

Plaintiff filed this Complaint on a Court-supplied "Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983" form. (Hawkins I, ECF No. 1.) In the "Statement of Claim" portion of the form complaint, Plaintiff seems to allege that he has been placed in jail because some unnamed judges were trying to block him from being around his wife, as well as white and black women in general. (*Id*. at IV., PageID 2.) These unnamed judges allegedly said that were going to turn Plaintiff into either a queen or a queer for the white race of people. (*Id*.) He further alleges that cameras are placed in his room and that there are people watching him. (*Id*.) Plaintiff also alleges that everywhere he goes white people disrespect him and say "there our queen (or queer)." (*Id*.) According to Plaintiff, unidentified people have separated him from his wife, kidnapped and blocked her from having contact with him, and had an order of protection entered against him to keep her away from him. (*Id*.) In the "Relief" portion of the form complaint, Plaintiff states that he would like for this Court to grant him his wife back. (*Id*. at V., PageID 3.) Plaintiff makes no allegations whatsoever against Defendants Carpenter or Brasfield.

Subsequent to filing his Complaint, Plaintiff filed copies of three judicial complaints he appears to have lodged with the State of Tennessee Board of Judicial Conduct. (Hawkins I, ECF Nos. 5, 7-8.) The first judicial complaint is directed against Judge Owens of the Gibson County

Chancery Court[2] and it contains what appears to be Plaintiff's complaint about how an order of protection proceeding in which he was a party was handled. (ECF No. 5.) Next, there is a judicial complaint against Judge Bond of the Milan General Sessions Court[3] concerning how a DUI case against Plaintiff was resolved. (ECF No. 7.) Finally, there is judicial complaint against Judge Moore of the Dresden General Sessions Court[4] in which Plaintiff alleges that he was wrongfully kept on probation for not paying his court costs and fines. (ECF No. 8.)

*Hawkins II*

Plaintiff filed his second action using a Court-supplied "Complaint for a Civil Case" form. (Hawkins II, ECF No. 1.) Plaintiff lists a variety of individuals, businesses, and governmental entities as Defendants, and identified both federal question and diversity as his bases for federal court jurisdiction. (*Id*. at PageID 1-4.) In the "Statement of Claim" portion of the form complaint, Plaintiff simply states "Civil [sic] sue", and in the "Relief" portion of the form complaint states, "Demand all parties pay on civil sue". (*Id*. at III. and IV., PageID 5.) Plaintiff's Complaint is devoid of any factual allegations.

## PROPOSED CONCLUSIONS OF LAW

### I. 28 U.S.C. § 1915(e)(2) Screening

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding in forma pauperis at the Court's direction after

---

[2] The Court takes judicial notice that there is not a "Judge Owen" of the Gibson County Chancery Court; there is, however, a Judge Owens of the Gibson County General Sessions Court.

[3] The Court takes judicial notice that there is not a Milan General Sessions Court but there is a Milan City Court.

[4] The Court takes judicial notice that there is not a Dresden General Sessions Court but there is a Weakley County General Sessions Court that sits in Dresden, Tennessee.

3

the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

## II.     Standard of Review for Lack of Subject Matter Jurisdiction

[A] district court may, at any time, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Of course, "dismissal on these grounds is appropriate 'only in the rarest of circumstances where . . . the complaint is deemed totally implausible.'" *Lynch*, 2017 U.S. Dist. LEXIS 213765, at *9 (quoting *Hagans v. Lavine*, 415 U.S. 528, 53637 (1974)). This standard requires that "[t]he claims . . . be 'flimsier than doubtful or questionable—they must be essentially fictitious.'" *Id*. at *9 (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)). When a court dismisses a complaint under Rule 12(b)(1), the same opportunity to amend need not be provided as when a complaint is dismissed under Rule 12(b)(6). *Id*. at *10 (citing *Apple*, 183 F.3d at 479 ("*Tingler*'s requirement that a plaintiff be given the opportunity to amend does not apply to sua sponte dismissals for lack of jurisdiction pursuant to *Hagans*.")).

## III.    Plaintiff's Complaints Should Be Dismissed

Both *Hawkins I* and *Hawkins II* should be dismissed pursuant to Rule 12(b)(1). In *Hawkins I*, Plaintiff fails to make any factual allegations against the named Defendants, fails to articulate any causes of action, and his factual allegations appear to be delusional and fictitious. *Hawkins II*

4

is even more devoid of merit as Plaintiff does not make any factual allegations whatsoever or identify any causes of action he purports to bring against the broad spectrum of Defendants. As such, both Complaints should be dismissed.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's Complaints in Case No. 1:23-cv-1269 and Case No. 1:24-cv-1018 be DISMISSED.

Respectfully submitted this 9th day of February, 2024.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**